IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:16-CR-00171-JO |
| | ) | |
| v. | ) | |
| | ) | |
| JAZMAN ANTOINE MOORE, | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |

JONES, J.

Defendant Jazman Antoine Moore (Moore) moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). Specifically, Moore requests that his sentence be reduced immediately to one of time served. In the alternative, Moore asks that the Court designate him to home confinement for the remainder of his sentence or recommend that the Bureau of Prisons (BOP) designate him to home confinement. ECF No. 81.

Moore's motion is based on the First Step Act of 2018 (FSA). Pub. L. No. 115-391, 132 Stat. 5194 (2018). The FSA allows prisoners to petition courts for sentence modifications, after exhausting administrative procedures, based on extraordinary and compelling reasons—a process also known as compassionate release. Moore's reason for filing the petition is his medical condition in the face of the novel coronavirus pandemic. For the reasons that follow, the Court

1   Opinion and Order

GRANTS Moore's motion and issues an amended judgment that includes a condition for home confinement for the remainder of his original term of incarceration.

## LEGAL STANDARD

In the FSA, a court may reduce a defendant's sentence if "extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1 )(A)(i).

The pertinent policy statement by the Sentencing Commission for sentence reductions related to medical ailments was last amended before the FSA passed and is found in Application Note 1 to United States Sentencing Guidelines (U.S.S.G.) § 1B1.13. The Note[1] identifies extraordinary and compelling reasons in four categories: (1) the medical condition of the defendant; (2) the age of the defendant; (3) family circumstances; and (4) other reasons as determined by the director of the BOP, in a defendant's case amounting to an extraordinary and

---

[1] The portion of the FSA relevant to Moore's petition defines "extraordinary and compelling reasons as:

1. **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) **Medical Condition of the Defendant.**—

\* \* \*

(ii) The defendant is—

(I) suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

\* \* \*

(D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

compelling reason, other than, or in combination with, the reasons described in subdivisions (1) through (3).

The policy statement also requires a finding that the defendant is not a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(2). Finally, the policy statement notes that "[t]he court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction)." U.S.S.G. § 1B1.13 n.4.

A defendant seeking a reduction in his term of imprisonment bears the burden to establish both that he has satisfied the procedural prerequisites for judicial review and that compelling and extraordinary reasons exist to justify compassionate release. 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

The Court originally sentenced Moore to 57 months in prison and three years of supervised release for being a felon in possession of a firearm. ECF No. 67. His projected release date from FCI Sheridan is June 14, 2020. Def.'s Mot. to Reduce Sentence, ECF No. 81. Moore requests compassionate release due to the rapidly evolving COVID-19 pandemic. As noted in the Presentence Report, Moore suffers from a respiratory disease requiring the use of inhalers and complications following major surgeries after being shot. ECF No. 64.

Moore submitted an application for compassionate release to the Warden on March 28, 2020. To date, the Warden has not responded. Although Moore filed this case on April 17, 2020, prior to exhausting his administrative remedy at the BOP, thirty days have now elapsed and this motion is properly before the Court. *See Brown v. United States.* 411 F.Supp.3d 446, 452 (S.D. Iowa 2019) ('Exhaustion occurs when the BOP denies a defendant's application or lets thirty days pass without responding to it.") (internal citations omitted).

3   Opinion and Order

Next, the Court considers whether extraordinary and compelling reasons warrant a sentence reduction in this case. The Centers for Disease Control have identified that Moore's conditions, particularly asthma and respiratory diseases, make him particularly susceptible to COVID-19. *People at Risk for Serious Illness from COVID-19,* CDC (Mar. 12, 2020), https://www.cdc.gov/coronavirus/2019-ncov/specific-groups/people-at-higher-risk.html. Prisoners are exceptionally vulnerable to infection due to the lack of distancing and hygiene issues endemic to prison life. *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities,* CDC (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctinal-detention.html. While there have been no identified cases of COVID-19 at FCI Sheridan as of the date of this opinion, infection can spread with deadly speed. Some BOP facilities have seen out breaks grow into hundreds of confirmed cases in a matter of weeks. https://www.latimes.com/californai/story/2020-04-29/coronavirus-terminal-island-prison-inmates-outbreak.

Moore has persuaded the Court that he is suffering from a serious medical condition which significantly diminishes his ability to provide self-care in the environment where he is held. He has shown that he is individually at high-risk for severe illness from COVID-19 and because inmates in detention facilities are particularly vulnerable to infection, Moore has demonstrated an extraordinary and compelling reason for compassionate release.

Further, the Court finds that the applicable § 3553(a) factors support Moore's request for compassionate release and that he is not a threat to the safety of any other person or to the community under § 3142(g). He has had a good performance while in prison. His participation in educational and rehabilitative programs augurs well for his conduct on release. And the

Court is not convinced that the leafy substance found on an empty bunk in Moore's unsecured living quarters while he was on prerelease custody at a halfway house belonged to him. The Court also takes into consideration that Moore has less than 4 weeks remaining on his sentence and doubts any measureable rehabilitative instruction can be imparted in that amount of time.

The Court takes seriously the government's concerns about granting compassionate release to Moore. While Moore requested that his sentence be reduced to time served, instead, the Court will issue an amended judgment imposing home confinement for the remainder of Moore's prison term. All the conditions for supervised release will remain in place. In addition, Moore will be subject to a curfew at the discretion of his supervising probation officer. He shall also be subject to random telephone check-ins by the U. S. Probation Office. No GPS monitoring is ordered at this time, but can be included at the request of the probation officer. Finally, Moore shall also abide by all stay at home orders issued by the State of Oregon.

## CONCLUSION

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court finds that extraordinary and compelling reasons warrant a reduction of Moore's sentence, that Moore does not pose a danger to any other person or the community, that the § 3553(a) factors support a reduction, and that the reduction is consistent with currently applicable U.S. Sentencing Commission policy statements. The Court GRANTS Moore's Motion ECF No. 81. All other pending motions are deemed moot. An Amended Judgment shall be issued.

IT IS SO ORDERED.

Dated this 21st day of May 2020.

Robert E. Jones, United States District Judge